

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**January 30, 2018 11:36**

By: CHRISTOPHER M. SAMS 0093713

Confirmation Nbr. 1288135

BRIAN KANE                                          CV 18 892251

   vs.

AVI FOOD SYSTEMS, INC.                    **Judge:** MAUREEN CLANCY

**Pages Filed:** 4

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| BRIAN KANE<br>1490 Lester Road<br>Valley City, OH 44280<br><br>      Plaintiff,<br><br>v.<br><br>AVI FOOD SYSTEMS, INC.<br>2590 Elm Rd. NE<br>Warren, OH 44483<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **JURY DEMAND**<br>)  **ENDORSED HEREON** |

## COMPLAINT

Plaintiff Brian Kane ("Plaintiff") alleges as follows for his Complaint against Defendant AVI Food Systems, Inc. ("Defendant").

1. Plaintiff worked for Defendant from on or about April 10, 2017 until on or about September 1, 2017.

2. Defendant is an enterprise engaging in interstate commerce.

3. Defendant's revenues exceed $500,000 per year.

4. This Court has subject matter jurisdiction over the claims and parties raised in this Complaint.

5. This Court has personal jurisdiction over the parties to this action.

6. Venue is proper in Cuyahoga County, Ohio because Defendant conducted activity that gives rise to the claim for relief in Cuyahoga County, Ohio and separately because Plaintiff's claim arose at least in part in Cuyahoga County, Ohio.

7. While working for Defendant, Defendant told Plaintiff that he needed to adjust the timecards of other employees so that the company could avoid paying time-and-a-half overtime wages to employees who had worked over forty hours in a workweek.

8. On multiple occasions, Plaintiff's manager, Chris Bender, told Plaintiff that he needed to falsely adjust employee time cards to prevent overtime payments.

9. Chris Bender also told Plaintiff to adjust time cards because that's what Chris Bender had done himself, and also because "9/10 GMs do that."

10. Plaintiff refused to make these improper adjustments to other employees' time cards.

11. Defendant terminated Plaintiff because he refused to make the improper adjustments to other employees' time cards.

12. After refusing to adjust time cards on multiple occasions, Defendant terminated Plaintiff's employment.

13. Plaintiff had refused to falsely adjust time cards the same week that Defendant terminated him.

14. During the termination meeting, Defendant told Plaintiff that he was not meeting certain expectations. Upon information and belief, Defendant expected Plaintiff to adjust time cards and fired him for refusing to meet this particular expectation.

15. Plaintiff opposed and complained about Defendant's unlawful practices pursuant to the Fair Labor Standards Act.

16. Plaintiff had a reasonable belief that Defendant was engaging in unlawful overtime wage practices by demanding that Plaintiff wrongly adjust employee time cards.

17. Defendant retaliated against Plaintiff by terminating him.

18. Defendant terminated Plaintiff because of Plaintiff's opposition to and complaint about Defendant's unlawful overtime wage practices.

19. Plaintiff has been damaged by Defendant's retaliation, including but not limited to lost wages and non-economic damages such as emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

20. Plaintiff has hired the undersigned counsel and has agreed to pay them reasonable attorney's fees and costs if they are successful on one or more of the claims set forth herein.

21. Plaintiff has consented in writing to become a party plaintiff in this lawsuit, and his written consent is attached hereto as Exhibit 1.

WHEREFORE, Plaintiff demands judgment against Defendant for his back pay, reinstatement or front pay, lost wages, lost bonuses, lost fringe benefits, any other compensatory damages, punitive damages, prejudgment interest at the statutory rate, post-judgment interest, attorney's fees and costs, and all other relief to which he is entitled.

JURY TRIAL DEMANDED.

Respectfully submitted,

/s/ Christopher M. Sams
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Christopher M. Sams, Esq.
Supreme Court No. 0093713
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
csams@voudrislaw.com
440-543-0670
440-543-0721 (fax)
*Counsel for Plaintiff*

Brian Kane agrees and consents to become a party plaintiff in this lawsuit.

*/s/ Brian Kane*

**EXHIBIT 1**